(42 South. 471.)

No. 16,362.

STATE v. COLEMAN.

(Dec. 10, 1906.)

1. CRIMINAL LAW — APPEAL — REVIEW — No LEGAL GROUND.
There was no bill of exception, no assignment of error. and an inspection of the record shows no error.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Criminal Law, § 3205.]

2. PERJURY—REPEAL OF STATUTE—ASSERTED REPEAL.
Defendant's contention in the brief was that Act No. 118, p. 200, of 1906, by implication, repealed section 857 of the Revised Statutes, under which he was convicted. It did not.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury, § 2; vol. 44, Statutes, §§ 235, 236.]

3. SAME—FALSE SWEARING.
As it must appear that an accused was convicted under some law, the point urged was considered, though it was not before the court in due form.
"False swearing" is an indictable offense. A law denouncing "false swearing" does not necessarily cover perjury; it being a separate and distinct offense. The statute (Act No. 118, p. 200, of 1906) was not a substitute for perjury, and did not repeal section 857 of the Revised Statutes, cited, relating to perjury.
[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Perjury § 1.]

(Syllabus by the Court.)

Appeal from Twenty-Fourth Judicial District Court, Parish of East Feliciana; Joseph Lindsay Golsan, Judge.

John Coleman was convicted of perjury, and appeals. Affirmed.

Robert Flournoy Walker, for appellant. Walter Guion, Atty. Gen., and George Jones Woodside, Dis. Atty. (Lewis Guion, of counsel), for the State.

BREAUX, C. J.  An information was prosecuted by the district attorney of the Twenty-Fourth judicial district of the state of Louisiana, charging John Coleman with having committed corrupt and willful perjury.

After due trial before the court and jury, he was found guilty and sentenced to serve in the penitentiary at hard labor for six months.

The Attorney General suggested that the transcript contains no bills of exception, no motion in arrest, no assignment of errors, and that an inspection of the record shows no error, and on that ground moves to dismiss the appeal, or that the verdict and sentence be affirmed.

It is as set forth in the motion of the Attorney General. There was no ground set forth for the appeal.

The insistence of counsel in the brief for defendant is that the law (section 857 of the Revised Statutes) has been repealed by Act No. 118, p. 200, of 1906. Although the point has been timely raised, the question being very exceptional, and in view of the fact that no one should be convicted under a repealed law, the matter was taken up and carefully considered. The conclusion is that there was no repeal.

The offense with which the defendant is charged in the indictment was committed on the 16th day of September, 1905. He was prosecuted under section 857 of the Revised Statutes.

The recent law, which learned counsel representing the defendant says repealed section 857 of the Revised Statutes by implication, is Act No. 118, p. 200, of the Acts of 1906.

We have compared the two acts, and found that the statute before cited provides that any one who commits perjury or procures another to commit perjury on his oath or affirmation in any suit, controversy, matter, or cause pending before any of the courts of the state, or a matter of any deposition or affidavit, upon conviction shall be imprisoned at hard labor not more than five years.

117 LOUISIANA REPORTS.

This is the general statute regarding perjury. A subsequent law, which according to defendant's contention has repealed this article, relates to willful, corrupt, and false swearing, and provides that whoever shall be found guilty of that offense commits a felony punishable by imprisonment, with or without hard labor, for not less than six months and not more than two years.

The last statute contains no saving clause regarding crimes committed before its date, nor does it contain a repealing clause.

The second section of this act sets forth that testifying differently to facts under an investigation by a grand jury, committing magistrate, or in an affidavit presented to a district attorney as a basis for a bill for information, for the purpose of procuring indictment on affidavit, or for the purpose of procuring a bill of information against a person charged and who shall subsequently testify differently, shall be guilty of willful, corrupt, and false swearing.

The last statute, to which we have just referred, does not repeal in whole or in part the cited section of the Revised Statutes, supra.

To hold that a statute has repealed a prior statute, it must be evident that it was the intention of the Legislature to enact a new law in place of the old. The object in a subsequent statute must be the same, but here it is manifest that the lawmaking power has enacted a statute entirely different from the section of the Revised Statutes before cited.

The last act denounces false swearing. It must not be thought that false swearing is necessarily perjury. According to the common law false swearing is a substantive offense. In several of the states it is made an offense separate and distinct from perjury. Commonwealth v. Davis, 92 Ky. 460, 18 S. W. 10.

The following definition of false swearing is in substance approvingly given in Bouvier's Dictionary and in Black's:

One who takes an oath before a person authorized to administer an oath upon a matter of public interest is guilty of swearing. It would have been perjury if taken in judicial proceedings, as where a person makes an affidavit under the English bill of sale act.

Bishop says that false swearing is less than perjury. Volume 2, § 14, 1029.

McClain: False swearing which covers cases outside of common-law perjury. Volume 2, 852.

Wharton: It is an indictable offense. Section 1269.

Am. & Eng. Enc. of Law: Oath taken before a competent officer in a proceeding which is not judicial, but may affect judicial right. Volume 19, 448.

Cyc.: Swearing corruptly.

Russell: A false oath is indictable, though not assignable as perjury. Volume 2, 603.

It being well settled that no law should be adjudged repealed by implication, unless entirely incompatible with a subsequent statute, there would be no warrant in classing with perjury an offense denounced as false swearing.

False swearing is not defined in the first section.

We imagine that the common law will have to supply the definition in the first paragraph of the statute, not a point at issue here. In the second section the offense is defined. Each denounces acts disturbing the regular course of things by false swearing.

Although the distinguishing feature of the common law between false swearing and perjury may not have been closely followed in the statute, it remains that the section of the Revised Statutes is not in the least affected by the latter law.

It is therefore ordered, adjudged, and decreed that the verdict, sentence, and judgment are affirmed.