LAND, J.
 

 On October 31, 1923, the city of New Orleans applied to the civil district court for a preliminary injunction restraining the defendant from further conducting a drug store on State street at the corner of Freret street, in violation of ordinance No. 5793 of the commission council of said city, prohibiting the establishment, erection, and operation of any kind of business or trade on State street from Magazine to Claiborne street. Certain property owners on State street intervened in the suit brought by the city of New Orleans, and joined the city in praying for the issuance of the injunction. On December 3, 1923, defendant filed an exception to the jurisdiction of the civil district court ratione materise. This exception was sustained, and plaintiff’s suit was dismissed. Plaintiff and interveners have appealed from this judgment.
 

 Defendant, appellee, has filed a motion to dismiss the appeal in this case at the cost of appellants on the ground that ordinance 5793 of the common council of the city of New Orleans has been repealed since the institution of this suit by ordinance No. 7606, a copy of which, duly certified, is annexed to the motion. Counsel for plaintiff and interveners have been served with a copy of this ordinance, and, in their reply brief to the motion to dismiss, admit the passage of the repealing ordinance.
 

 Opposing counsel, however, deny that the later ordinance entirely supersedes and repeals the former ordinance, and assert that an analysis and proper construction of the terms of the two ordinances disclose that these ordinances are not necessarily in conflict in so far as their applicability to the present suit is concerned.
 

 . On the theory that an injunction will not •be dissolved when it is apparent that another injunction on the same state of facts may properly issue, it is evident that, if the ordinances are not in conflict, plaintiff’s suit cannot be abated by the adoption of the later ordinance by the commission council of the city of New Orleans.
 

 While it is true that either ordinance is applicable in its terms to the present suit, yet the former ordinance has been expressly repealed, and while the penalty for violation of the former ordinance is a fine of $25 or 30 days’ imprisonment or both at the discretion of the court, regardless of the length of the duration of the violation, the penalty under the later ordinance is $25 or 30 days’ imprisonment, or both, at the discretion of the court, for “each day’s establishment or operation of business, trade, or manufactory of any kind whatsoever, or each day of work
 
 on the erection, altering, or
 
 remodeling of any building for the purpose of establishing or operating any business, trade, or
 
 *73
 
 manufactory whatsoever, prohibited by this ordinance” as a separate offense.
 

 Section '3 of the later ordinance not only expressly repeals the former ordinance, “5793 C. C. S.,” and other designated zoning ordinances, but “all provisions of all other ordinances which are inconsistent with the provisions of this ordinance.” The later ordinance not only embraces the same zoning area as the former ordinance, but a broader territory. The provisions of the later ordinance are more exclusive as to prohibition against encroachment on residential districts, and the penalty for violation of the later ordinance is more drastic than that of the former ordinance.
 

 The latter ordinance therefore repeals and supersedes the former, as the subject-matter and object in the subsequent ordinance is the same, and it is evident that it was the intention of the commission council to enact a new ordinance, not only in the place of the old “5793 O. O. S.,” but also in the place of former zoning ordinances, specially designated in the repealing clause. State v. Coleman, 117 La. 975, 42 So. 471, 8 Ann. Cas. 880; State v. Barrow, 30 La. Ann. 657, 659; McQuillin, Munic. Ord., p. 333, § 206.
 

 “It is generally held that the repeal of an ordinance pending a prosecution under it operates to release the defendant, unless it is otherwise provided in the repealing clause. In other words, the repeal of an ordinance under which a penalty has been incurred has the same effect given as by common law and operates as a pardon of the offense, superseding the jurisdiction of the court in any suit pending to enforce such penalty.”
 

 No proceedings can be pursued under a repealed statute or ordinance, though begun before the repeal, unless by special clause "in the repealing act or ordinance. There is no such clause in the repealing ordinance in this case. The repeal of an act or ordinance^ is a complete bar to further proceedings. None of the parties to the suit can recover judgment, or claim or receive costs. It only remains for the court to dismiss the appeal. Doss et al. v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 453, 454, 41 So. 720; In re Lambert, 115 La. 469, 39 So. 447; In re Jones, 117 La. 106, 41 So. 431.
 

 It is therefore ordered that the appeal be dismissed. Each of the parties to pay their own costs.
 

 ST. PAUL, J., concurs in the decree.
 

 O’NIELL, C. J., dissents.