(115 So. 817)

No. 29014.

ST. BERNARD OIL CO. v. CITY OF NEW ORLEANS.

Feb. 13, 1928.　Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

1. **Municipal corporations** ⬤➡120—**Repeal of ordinances without saving clause held to bar further proceedings under original ordinances.**

Repeal of city ordinances without insertion of saving clause in repealing ordinance *held* complete bar to further action under provisions of original ordinances.

2. **Municipal corporations** ⬤➡621—**Zoning ordinance held not to affect previously issued building permit, where subsequent ordinance validated outstanding permits substantially complied with.**

Permit granted to erect oil station was not affected or impliedly revoked by subsequent passage of city zoning ordinance, where ordinance passed still later validated all outstanding permits which had been substantially complied with.

3. **Municipal corporations** ⬤➡621—**Extent of city's power to make zoning regulations held immaterial, in view of building permit validly extended by ordinance, which permittee complied with.**

Question of extent of city's police power in zoning operations was immaterial, where building permit in question was expressly extended and validated through legislative action of the council, with which permittee had fully complied.

4. **Injunction** ⬤➡85(1)—**Company which had expended money for, and was kept from actual construction of, oil station, under validated permit, by torn-up condition of streets, held entitled to restrain interference therewith under zoning ordinance.**

Where, after procuring building permit, erection of oil station was delayed on account of torn-up condition of streets due to paving, plaintiff company, which had entered into contract for construction of oil station, had demolished garages previously located on the site, spent $3,000 for erection of building, and made preparations to have material delivered for construction as soon as streets were in fit condition for travel, *held* entitled to restrain inter-

ference with construction under city zoning ordinance, where, by another ordinance, city expressly validated permits to persons who had begun the erecting, establishing, or operating of drive-in stations.

Appeal from Civil District Court, Parish of Orleans; William H. Byrnes, Jr., Judge.

Suit by the St. Bernard Oil Company against the City of New Orleans. A preliminary injunction was granted plaintiff, and defendant appeals. Judgment affirmed.

Bertrand I. Cahn, City Atty., and Henry B. Curtis, Asst. City Atty., both of New Orleans, for appellant.

John C. Davey, Prowell, McBride & Ray, and Welton P. Mouton, all of New Orleans, for appellee.

LAND, J.　On December 5, 1925, the city engineer's office of the city of New Orleans issued to Joseph J. Paciera, secretary treasurer of the St. Bernard Oil Company, a permit to build an oil station on square No. 921, bounded by Painters, Prieur, and North Johnson streets, and Franklin avenue.　•

On June 26, 1925, plaintiff company had purchased, for the price of $1,800, lot 18, measuring 30 feet front on Franklin walk by 88 feet in depth and front on North Johnson street, as the prospective site for the erection of its oil station.

This permit was canceled and recalled by the chief architect of the building division of the city engineer's office on September 27, 1926. All construction work covered by the permit had been ordered discontinued by the city in August, 1926, and the workmen engaged in the erection of the oil station were interfered with and arrested by the police.

At this juncture, plaintiff company obtained a preliminary injunction restraining the city of New Orleans and the chief of police from interfering with the erection and operation of its oil station at the corner of

Franklin avenue and North Johnson street. Defendant has appealed.

The city of New Orleans, as a defense to the present suit, takes the position that this building permit was revoked by nonuser of more than six months from the date of its issuance, in accordance with the provisions of Ordinances Nos. 7554, 8447, 9239, and 9357, C. C. S., and for the further reason that prior to commencement of work on the premises, Franklin avenue, from North Roman street to Florida avenue, had been zoned against business by the provisions of Ordinance 8926, C. C. S., passed on January 20, 1926.

At the date of the issuance of the permit in this case, only two of the ordinances relied upon by the city of New Orleans were in force, to wit, Ordinance 7554, adopted October 10, 1923, prohibiting oil pumps on streets and sidewalks, and Ordinance 8447, adopted June 4, 1925, prohibiting the erection of oil stations within one-half mile of each other.

Ordinance 9239 was introduced August 3, 1926, passed August 11, 1926, and went into effect August 21, 1926.

Section 8 of this ordinance provides:

"That Ordinances 7554, C. C. S., and 8447, C. C. S., and all other ordinances in conflict herewith be and the same are hereby repealed."

Section 1 of this ordinance requires the construction of oil stations on street corners on lots or parcels of land measuring at least 60 feet front on each of the side streets.

It is provided in section 7 of this ordinance:

"That all permits which have been hereto issued by the city engineer's office of the city of New Orleans, and which *are now outstanding in the hands of the respective grantees or assignees, who have not at the date of the introduction of this ordinance already begun the erecting, establishing, or operating of the respective drive-in station described therein,* shall be and the same are hereby declared to be null and void and the city engineer of the city of New Orleans is hereby directed to cancel and recall such permits."

It is true that section 4 of Ordinance 8447 required the grantee of the permit to commence the erection, establishment, or operation of a drive-in station 60 days after the date of the issuance of the permit. But this ordinance was expressly repealed, as was Ordinance 7554 also, by the later Ordinance 9239, introduced August 3, 1926, and all outstanding permits were validated by section 7 of said ordinance, if the grantees had commenced the erecting, establishing, or operation of a drive-in station before August 3, 1926.

[1] As there was no saving clause in Ordinance 9239, at the time of the repeal of Ordinances 7554 and 8447, no proceeding can be pursued by the city of New Orleans under either of these repealed ordinances, as the repeal of an ordinance under such conditions is a complete bar to further action under its provisions.

City of New Orleans v. Lakowsky, 158 La. 70, 103 So. 513. Ordinances 7554 and 8447, are therefore eliminated from the case. Ordinance 9357 is not in the record, and is not referred to in the briefs of either plaintiff or defendant.

This leaves for consideration only Ordinance 8926, adopted on January 20, 1926. This ordinance creates a residential district on Franklin avenue between North Roman street and Florida avenue, wherein it is made unlawful to establish, operate, or erect, alter, or remodel any building for the purpose of establishing or operating any business, trade, or manufactory of any kind, except boarding houses and apartment houses.

[2] This ordinance does not expressly revoke any building permits previously issued. As the permit of plaintiff company was not canceled and recalled until September 27, 1926, it is clear that the city of New Orleans did not regard this permit as affected in any way by the passage of Ordinance 8926 in January, 1926, and could not have reasonably

done so, in view of the subsequent validation under section 7 of Ordinance 9239, adopted August 11, 1926, of "all outstanding permits," without exception, which had been complied with substantially prior to August 3, 1926.

[3] So the real issue in this case is whether plaintiff company, under its permit of date December 5, 1925, and under all of the facts and circumstances of the case, had complied, bona fide and substantially, with the requirements of section 7 of Ordinance 9239. If plaintiff company had so complied, then its former permit is valid under that ordinance, and any consideration of the extent of the police powers which the city of New Orleans may legitimately exert in its zoning operations is beside the question, in the face of an outstanding permit expressly extended and validated through the legislative action of its commission council.

[4] During the year 1925, the city of New Orleans let the contract for the paving of Franklin avenue. The subsurface drainage work commenced November 30, 1925, on the lower or downtown side of this avenue. Plaintiff company's permit to erect its oil station was issued December 5, 1925. The subsurface drainage work on the upper side of Franklin avenue began on May 3, 1926, and was not completed until the latter part of October, 1926. Plaintiff company's oil station is located on the uptown side of this avenue. It appears, therefore, that Franklin avenue was in course of being paved from the latter part of November, 1925, until the latter part of October, 1926. Excavations on the upper side of this avenue were made from eight to twelve inches deep, and on the lower side to the depth of six inches.

Plaintiff company contends that, because of the condition of Franklin avenue due to the paving, it was not reasonably practical to begin the actual construction of its garage at the corner of Franklin avenue and North Johnson street until August 16, 1926, as material could not be delivered to the building site in trucks, on account of the torn-up condition of the avenue, and because the intersecting streets available for that purpose had become impassable.

After hearing the witnesses in the case, the trial judge sustained plaintiff's contention, and ordered the preliminary injunction to issue. We do not find, upon review of the evidence, any good reason for dissenting from the conclusion reached by him as to the condition of these streets during that period.

Plaintiff company has endeavored in good faith, and as far as could be reasonably expected, to comply substantially with its building permit by the commencement of the erecting and the establishing of its oil station on its property.

In December, 1925, plaintiff company entered into a contract for the construction of its drive-in station at a cost of $5,100. There were about ten or twelve garages on the site when plaintiff company obtained its permit, and these were demolished and removed under the contract early in January, 1926. These garages were producing revenue at the time.

At the date of interference with its workmen by the police in August, 1926, plaintiff company had already expended towards the erection of the building about $3,000, not including the price of the lot purchased by said company for $1,800. Plaintiff company had made preparations to have the material delivered in the latter part of July, 1926, for the construction of its oil station, but could not get it to the site until in August, 1926, on account of the bad condition of the streets. The contractor could not begin actual work until August 16, 1926, for the same reason.

Notwithstanding this fact, the making of the contract for the erection of the oil station, the removal of the garages from the site, the purchase of the necessary materials, and the

expenditure of about $3,000 towards the building of its oil station had all occurred prior to August 3, 1926, and constitute, in our opinion, a bona fide and substantial beginning of the erecting and the establishing of the station on its property.

The permit issued to plaintiff company December 5, 1925, became validated, therefore, under the express terms of section 7 of Ordinance 9239, and its cancellation and recall by the city of New Orleans on September 27, 1926, was illegal, unwarranted, and without effect.

Judgment affirmed.