21 So.2d 890

STATE ex rel. SANCHEZ v. SMITH et al.

No. 37704.

March 26, 1945.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Dewey J. Sanchez, Dist. Atty., and Braxton B. Croom, Asst. Dist. Atty., both of Baton Rouge, for plaintiff, applicant.

Fred G. Benton and John Fred Odom, both of Baton Rouge, for defendants.

O'NIELL, Chief Justice.

There are three defendants in this case. They are being prosecuted jointly under two separate bills of indictment. In one of the indictments the defendants are charged with the crime of false swearing,

by taking a false oath for the purpose of securing an absentee ballot to be cast in a primary election, "all in violation of Act 61 of the Extra Session of the Legislature of 1921 and Act 43 of the Legislature of 1942". In the other indictment the defendants are charged with conspiring to commit the crime of false swearing by intentionally making written statements known to be false, under sanction of an oath, in connection with the application for an official absentee ballot to be cast in the same primary election, "in violation of Act 61 of the Extra Session of the Legislature of 1921 and Act 43 of 1942".

■ Criminal conspiracy is defined in Article 26 of the Criminal Code as the agreement or combination of two or more persons for the specific purpose of committing any crime. Hence there cannot be a criminal conspiracy to do that which the law does not denounce as a crime.

The defendants—or at least two of them —filed motions to quash the indictments on the ground that Section 9 of Act 61 of the Extra Session of 1921, which act deals exclusively with the subject of absentee voting, provides that:

"If any person shall wilfully swear falsely to any such affidavit [required by section 3 of the act], he shall, upon conviction thereof, be guilty of perjury and shall be punished in such case as is by law provided."

The defendants contended in their motions to quash the indictments that they were not subject to prosecution for "false swearing", because the statute which they are accused of violating declares the offense, which they are alleged to have committed, to be "perjury", and not "false swearing". And they point out that by an error in the adoption of Article 123 of Act 43 of 1942, being the Criminal Code, the word "false" was omitted and hence the law defining and denouncing perjury was made meaningless and unenforceable.

The judge of the district court sustained the motions to quash, and the State has brought the matter here on a writ of certiorari.

■ At the time when Act 61 of the Extra Session of 1921, providing for absentee voting, and providing, in section 9, that if any person should wilfully swear falsely to an affidavit to procure an absentee ballot he should be guilty of perjury, was enacted, the law denouncing the crime of perjury was Section 857 of the Revised Statutes, as amended by Act 18 of 1888, the penalty being imprisonment at hard labor for a term not exceeding five years. At that time the law creating and defining the crime of "false swearing" was Act 118 of 1906, and the penalty prescribed was imprisonment, with or without hard labor, in the discretion of the judge, for a term not less than six months nor more than two years.

Therefore, when the Legislature enacted Act 61 of the Extra Session of 1921, which act deals exclusively with the subject of absentee voting, the Legislature had the right to declare—as it did declare in section 9 of the act—that if any person should wilfully swear falsely to the affidavit re-

quired by the act for obtaining an absentee ballot he should be guilty of perjury and upon conviction should be punished with imprisonment at hard labor for a term not exceeding five years, under Section 857 of the Revised Statutes, as amended by Act 18 of 1888. The Legislature had the option also to declare, in Act 61 of the Extra Session of 1921, that if any person should wilfully swear falsely to the affidavit required by the statute for obtaining an absentee ballot he should be guilty of the crime of false swearing, and on conviction should be punished by imprisonment, with or without hard labor, in the discretion of the judge, for a term not less than six months or more than two years, under Act 118 of 1906. The Legislature saw fit, in adopting Act 61 of the Extra Session of 1921, to declare that if any person should wilfully swear falsely to the affidavit required by the act for obtaining an absentee ballot he should be guilty of perjury, and on conviction be punished accordingly, that is, by imprisonment at hard labor for a term not exceeding five years.

It might have been more appropriate for the Legislature, in Section 9 of Act 61 of the Extra Session of 1921, to declare that if any person should swear falsely to the affidavit required by the statute for obtaining an absentee ballot he should be guilty of false swearing, and on conviction be punished accordingly. But the Legislature did not see fit to declare the offense false swearing, instead of perjury; and the courts have no right to substitute a prosecution for false swearing and the penalty prescribed therefor, for a prosecution

for perjury and the penalty prescribed for that crime.

Obviously, the only reason why the State is prosecuting the defendants for the crime of false swearing, and for conspiring to commit false swearing, instead of prosecuting them for perjury and for conspiring to commit perjury, is that, by the accidental omission of the word "false" in the adopting of Article 123 of the Criminal Code, the law on the subject of perjury was nullified. The error was corrected by the Legislature, by Act 224 of 1944, amending Article 123 of the Criminal Code by supplying the word "false", and by re-enacting the article as amended. But this amendment was made subsequent to the alleged date of the crime of which the defendants in this case are accused.

The State contends that Section 9 of Act 61 of the Extra Session of 1921, declaring that if any person shall wilfully swear falsely to the affidavit required by the statute for obtaining an absentee ballot he shall be guilty of perjury and on conviction "shall be punished in such case as is by law provided", was repealed by implication by the adoption of the Criminal Code, and particularly by the adoption of Article 123, defining perjury, and Article 125, defining false swearing. It is conceded in the State's brief that, ordinarily, a general law does not have the effect of repealing a special law on the same subject, unless the general law expressly repeals the special law; and it is conceded that the repeal of laws by implication is not favored. But the State in its brief cites

and relies upon the general rule stated in 59 C.J. 938, sec. 550, thus:

"An act intended to be a complete system of statutory laws relating to crimes and punishments supersedes or repeals all existing laws on that subject."

There is no room for the application of the general rule to this case because the Criminal Code, in Article 142, has its own repealing clauses. They consist of sections 2, 3, and 4 of Article 142 of the Code. Section 2 enumerates the statutes which are specifically repealed; section 3 enumerates the statutes which are recognized as continuing in force; and section 4 declares:

"All laws or statutes or parts thereof not repealed in Section 2 hereof, and all laws or statutes or parts thereof not specifically retained in Section 3 hereof, where such laws, statutes, or parts thereof, are not repugnant to any of the provisions of this Act, are recognized as continuing in force."

Section 9 of Act 61 of the Extra Session of 1921, which section declares that any person who shall wilfully swear falsely to the affidavit required by the act for obtaining an absentee ballot shall be guilty of perjury and shall suffer the penalty prescribed by law for that crime, is not listed as being repealed by Section 2, nor is it listed as being retained in force by Section 3 of the Criminal Code, and it is not repugnant to the provisions of either Article 123 of the Criminal Code, defining perjury, or Article 125, defining false swearing.

The most convincing proof that the Legislature did not consider Section 9 of Act 61 of the Extra Session of 1921 as being repugnant to the provisions of either Article 123 or Article 125 of the Criminal Code is the fact that in the same session of the Legislature in which the Criminal Code was adopted by Act 43 of 1942, another act, Act 135 of that session, providing for absentee voting—by electors serving in the Armed Forces—was adopted, and in the 11th section of the act it is declared that if any person shall wilfully swear falsely to the affidavit prescribed by this act he shall be guilty of perjury and upon conviction thereof be punished in such case as is by law provided. The wording of Section 11 of Act 135 of 1942 is exactly like that of Section 9 of Act 61 of the Extra Session of 1921. And it is admitted in the State's brief that this similarity leaves no doubt . that that part of Section 11 of Act 135 of 1942 was copied from Section 9 of Act 61 of the Extra Session of 1921. Which indicates that it was intended, in the adoption of Section 11 of Act 135 of 1942, that Section 9 of Act 61 of the Extra Session of 1921 should continue in force.

It is certain that the Legislature did not intend that the adopting of the Criminal Code should have the effect of repealing Section 11 of Act 135 of the same session at which the Criminal Code was adopted. Hence it is not at all likely that the Legislature intended that the adopting of the Criminal Code should have the effect of repealing Section 9 of Act 61 of the Extra Session of 1921, on the subject of absentee voting. These acts are not the only acts

in which the Legislature has declared that a person who swears falsely to an affidavit having no connection with a judicial proceeding shall be guilty of perjury and be subject to the penalty prescribed by law for perjury. For example, in Section 28 of Act 195 of 1916, providing for the registering of voters, it was declared that the registrars of voters should have authority to administer ˙ oaths to persons claiming the right to be registered, and that "any willful false swearing by any person in relation to any matter or thing concerning which he shall be interrogated by any of said officers, shall be punished as perjury."

In State v. Coleman, 117 La. 973, 42 So. 471, 473, 8 Ann.Cas. 880, where the defendant was prosecuted for the crime of perjury, and pleaded that Section 857 of the Revised Statutes, defining and denouncing the crime of perjury, was repealed by implication by Act 118 of 1906, defining and denouncing the crime of false swearing, it was held that the section of the Revised Statute was not repealed by implication; and in so holding the court declared:

"It being well settled that no law should be adjudged repealed by implication, unless entirely incompatible with a subsequent statute, there would be no warrant in classing with perjury an offense denounced as false swearing."

If the Legislature had intended by the adoption of the Criminal Code to repeal Section 9 of Act 61 of the Extra Session of 1921, the Legislature would have included that section of the statute in the list of laws that were specifically repealed by Section 2 of Article 142 of the Criminal Code, instead of leaving it to conjecture—to be decided by the courts—whether Section 9 of Act 61 of the Extra Session of 1921 should be deemed repugnant to Articles 123 and 125 of the Criminal Code, and therefore should be deemed repealed, leaving all of the remaining and important part of Act 61 of the Extra Session of 1921, on the subject of absentee voting, in full force and effect.

It is conceded by the State—as indeed it must be conceded—that Act 61 of the Extra Session of 1921 was not *entirely* repealed by implication, by the adoption of the Criminal Code. For if the statute had been entirely repealed there would be no basis for a prosecution even for the crime of false swearing, because there would be no statutory requirement for the affidavit to which the defendants are accused of swearing falsely.

Section 857 of the Revised Statutes, providing for the crime of perjury, and Act 18 of 1888, amending Section 857 of the Revised Statutes, appear in the list of statutes which were repealed specifically by Section 2 of Article 142 of the Criminal Code. Therefore, on account of the accidental omission of the word "false" in Article 123 of the Criminal Code, purporting to define perjury, there was no law imposing a penalty for perjury at the time when the acts charged as crimes in this case were committed. As we have said, the error was corrected by Act 224 of 1944; so that there is now nothing to prevent a prosecution for perjury of any person who violates either Section 9 of Act 61 of the

Extra Session of 1921, on the subject of absentee voting, or Section 11 of Act 135 of 1942, on the subject of absentee voting by electors in the Armed Forces.

Our conclusion is that the judgment complained of is correct.

The judgment of the district court, sustaining the defendants' motions to quash the indictments, and dismissing the prosecutions, is affirmed.