DOMENGEAUX, Judge.
In this civil proceeding, La.R.S. 32:1479, the “prohibition” provision of the Motor Vehicle Habitual Offender Law, is interpreted.
Plaintiff, Joseph L. Smith, was adjudicated an habitual offender, as defined by La. R.S. 32:1472, by the District Court of Avo-yelles Parish on September 8, 1977, and his driving privileges were revoked in accordance with the mandatory penalty provisions of La.R.S. 32:1477. On September 12,1977, he filed a petition in the same court seeking to have his driving privileges restored under La.R.S. 32:415.1 or, in the alternative, under La.R.S. 32:1479, alleging that the revocation of his driving privileges would have the effect of depriving him and his family of the necessities of life and would prevent him from earning a livelihood.
Trial was held on September 20,1977. It was determined at the beginning of the hearing that La.R.S. 32:415.1 was inapplicable to the controversy, and that, if plaintiff was to receive any relief, it would be under La.R.S. 32:1479. The inapplicability of La. R.S. 32:415.1 is not an issue on appeal. It was revealed at trial that plaintiff was employed offshore as a mechanic and that he was on 24-hour emergency call in addition to his regular shift. The trial court granted restricted driving privileges to plaintiff in order to allow him to go to and from his place of employment. The Department of Public Safety appealed.
The scope of this appeal is limited solely to the proper construction of La.R.S. 32:1479. We note at the outset that this appeal is properly before the court under La.R.S. 32:1478.
The Motor Vehicle Habitual Offender Law, La.R.S. 32:1471, et seq., was a legislative response to the need for public safety on the highways and roads of this state. The act is virtually self-contained. La.R.S. 32:1471 sets forth the policy underlying the law. The statute provides:
“It is hereby declared to be the policy of this state:
(1) To provide maximum safety for all persons who travel or otherwise use the public highways of this state; and
(2) To deny the privilege of operating motor vehicles on such highways to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this state, the orders of its courts, and the statutorily required acts of its administrative agencies; and
(3) To discourage repetition of criminal acts by individuals against the peace and dignity of this state and her political subdivisions and to impose increased and added deprivation of the privilege to operate motor vehicles upon habitual offenders who have been convicted repeatedly of violations of the traffic laws.”
The sections following the declaration of policy define “habitual offender,” and set *998 forth the procedure to be followed in having a person declared as such. The Department of Public Safety certifies the conviction record of the habitual offender and forwards it to the District Attorney in the parish of the offender’s residence. The District Attorney must then file a petition in criminal district court, and a rule is ordered by the court requiring the alleged habitual offender to show cause why he should not be barred from operating a motor vehicle on the highways of the state. The only question involved during the ensuing hearing is whether the conviction record is accurate and whether the person named in the record is the same person involved in the proceedings. If the court finds that the alleged offender is the same person named in the record and that he is, in fact, an habitual offender, it is mandated to prohibit the offender from operating a motor vehicle.
The statute involved in the present controversy, La.R.S. 32:1479, deals with the conditions under which an habitual offender may have his driving privileges restored. It provides the following:
“No license to operate motor vehicles in this state shall be issued to an habitual offender, nor shall a nonresident habitual offender operate a motor vehicle in this state:
(1) Por a period of five years from the date of the order of the court finding such person to be an habitual offender; and
(2) Until such time as financial responsibility requirements are met; and
(3) Until upon petition, and for good cause shown, such court may, in its discretion, restore to such person the privilege to operate a motor vehicle in this state upon such terms and conditions as the court may prescribe, subject to other provisions of law relating to the issuance of operators’ licenses.”
The Department of Public Safety contends that the statute is clear and unambiguous. It maintains that under no circumstances may a person adjudicated an habitual offender be issued an operator’s license for a period of five years from the date of the original order declaring him as such. After the expiration of this period, a person may be restored driving privileges, if he shows that financial responsibility requirements are met and if the court denying the license determines, in its discretion, that the person should be allowed to drive.
Plaintiff, on the other hand, argues that the statute means that an habitual offender has the absolute right to qualify for driving privileges after the expiration of five years by operation of law, and that, prior to the expiration of five years, an habitual offender may petition the court for restoration of privileges for good cause shown. He thus maintains that the conjunction “and” should be judicially excised from the statute and replaced with the conjunction “or.” According to plaintiff, this judicial excision is justified because the literal statute is ambiguous. He concludes that if an offender is automatically entitled to an operator’s license after five years, paragraph 3 has absolutely no meaning because there would be no reason for such person to come into court. Finally, he maintains that his interpretation would give full meaning and effectiveness to the entire statute and accomplish the obvious legislative intent.
We feel that plaintiff has placed a strained interpretation on the statute, and we agree with the state that the statute is clear and unambiguous. It is apparent from the policy declaration that the legislature intended to “deny the privilege of operating motor vehicles ... to persons who by their conduct and record have demonstrated their indifference to the safety and welfare of others and their disrespect for the laws of this state, the orders of its courts, and the statutorily required acts of its administrative agencies . . . .” La. R.S. 32:1471(2). The District Court is given no discretion in its final judgment; if a person is an habitual offender, it must render judgment prohibiting the offender from driving. La.R.S. 32:1477. If an habitual offender violates a judgment of the court by operating a vehicle, he is punished by imprisonment of from one to five years. *999 La.R.S. 32:1480. We think it can be inferred from the specific and express policy declaration, the mandatory judgment provision, and the stringent penalty for violations of the judgment that the legislature meant to prohibit habitual offenders from driving on public highways. In this stern statutory context, it seems incongruous that the legislature would dilute the potency of the law by allowing habitual offenders to drive, even for limited and well-intentioned purposes. Had this been the intent, the strict language dealing with mandatory judgment would be unnecessary.
In conclusion, we construe La.R.S. 32:1479 to mean that an habitual offender is prohibited from operating a motor vehicle on the highways of the state for five years from the order of the court finding him an habitual offender. After five years and upon meeting financial responsibility requirements, a person so adjudged may petition the court for the restoration of his privilege to operate a motor vehicle, and such restoration may be given, in the court’s discretion, for good cause shown, upon the terms and conditions prescribed by the court.
For the above reasons, the judgment of the District Court granting plaintiff-appel-lee, Joseph L. Smith, restricted driving privileges is hereby reversed, and it is ordered that his petition be dismissed.
All costs at trial and on appeal are assessed against plaintiff-appellee.

REVERSED AND RENDERED.