DOMENGEAUX, Judge.
MOTION TO DISMISS
Alex White, Jr., defendant-appellee, moves to dismiss the appeal of the State of Louisiana, plaintiff-appellant, on the ground of mootness. No opposition has been filed.
The motion to dismiss is granted.
On July 19, 1977, the State filed suit to have the defendant declared a habitual offender as defined by La. R.S. 32:1471. The defendant timely filed an answer admitting all of the allegations of the State’s petition and requesting limited driving privileges pursuant to La. R.S. 32:1479(3).
On September 26, 1977, a judgment was signed declaring the defendant a habitual offender. It further granted defendant the limited privilege of operating a motor vehicle from his residence to his place of employment along a prescribed route, provided that he abstain from consuming alcoholic beverages both before and during driving. From this judgment the State perfected a suspensive appeal objecting to the granting of limited driving privilege to defendant.
The defendant has now filed a motion to dismiss on the ground of mootness because “ . . . Alex White, Jr. no longer desires restricted driving privileges, and on January 12, 1978, turned in his license to the Louisiana Department of Public Safety.”
A moot case is one “which seeks to get a judgment on some matter which, when rendered, cannot, for any reason, have any practical legal effect upon a then existing controversy." State v. Commitment (Jackson), 289 So.2d 565, 567 (La.App. 3rd Cir. 1974). Moot questions will not be considered on appeal. Rourke v. Coursey, 334 So.2d 480 (La.App. 3rd Cir. 1976), and cases cited therein; Boothe v. Board of Supervisors of Elections for Parish of Catahoula, 341 So.2d 1297 (La.App. 3rd Cir. 1977); Aucoin v. Evangeline Parish Police Jury, 338 So.2d 789 (La.App. 3rd Cir. 1976); Ford Motor Credit Company v. Guillory, 335 So.2d 36 (La.App. 3rd Cir. 1976); Ardoin v. Ardoin, 306 So.2d 476 (La.App. 3rd Cir. 1975).
In the present case, since the defendant has voluntarily relinquished his driving privileges, the matter has become moot.[1]
For the reasons assigned the State’s appeal is hereby dismissed.

APPEAL DISMISSED.

. See the case of Smith v. State of Louisiana (Department of Public Safety) 358 So.2d 996 (La.App. 3rd Cir. 1978) for a discussion of the Motor Vehicle Habitual Offender Law, and which denied the applicant restricted driving privileges. It was stated there:
“ . . . [W]e construe La. R.S. 32:1479 to mean that an habitual offender is prohibited from operating a motor vehicle on the highways of the state for five years from the order of the court finding him an habitual offender. After five years and upon meeting financial responsibility requirements, a person so adjudged may petition the court for the restoration of his privilege to operate a motor vehicle, and such restoration may be given, in the court’s discretion, for good cause shown upon the terms and conditions prescribed by the court. ...”