MOTION TO DISMISS
LaHAYE, Judge.
The plaintiffs-appellees, Jack C. Caldwell, et ux, moves to dismiss the appeal of the appellants-intervenors, Sam Hale, et al. Plaintiff-appellee bases its motion to dismiss on allegations of fact to the effect that the judgment has become final and execu-tory and has been fully acquiesced in by the defendants, Planning Commission of Calca-sieu Parish, et al, thus rendering the appeal moot.
Plaintiffs-appellees secured a judgment declaring that the defendant’s denial of approval of the plans and specifications of Shorehill Subdivision were null and void and ordering the Planning Commission to grant preliminary approval. Appellants-in-tervenors, all of whom are property owners in the area of the proposed subdivision, and defendants filed motions for appeal. However, after the appeal bond was filed, the defendants moved to withdraw their appeal and, pursuant to this motion, the District Judge recalled and rescinded its order granting the defendants an appeal. Subsequently, the Planning Commission in regu *57 lar session adopted a resolution granting preliminary approval of Shorehill Subdivision. The plaintiffs-appellees contend that since the defendants have withdrawn their appeal and complied with the judgment of the court, the question involved in this appeal is moot and should be dismissed. We disagree.
A motion to dismiss an appeal must be based on alleged irregularities in proceedings relating to the appeal, occurring either in the trial court, or on want of jurisdiction in one or both courts. It should not be based on matters relating to the merits of the controversy. When a motion to dismiss an appeal is based on issues which go to the merits of the case, those issues should not be determined on such a motion, but instead they should be resolved on the appeal. It is clear that the issue of mootness must be considered on the merits of the appeal. Caspari v. Deblieux, 391 So.2d 494 (La. App. 3rd Cir. 1981).
MOTION DENIED.