DOMENGEAUX, Judge.
Plaintiffs, Jack C. Caldwell and Joan R. Caldwell, broght this action against defendants, Planning Commission of Calcasieu *263 Parish and Police Jury of Calcasieu Parish, seeking judgment ordering said defendants to grant preliminary approval of the plans and specifications for a residential subdivision proposed by plaintiffs. Several neighboring property owners intervened joining defendants’ contention that defendants’ refusal to grant approval of the proposed subdivision constituted a proper exercise of their police power with respect to planning. After trial, judgment was rendered in favor of plaintiffs against defendants and inter-venors. Both defendants and intervenors appealed, whereafter defendants withdrew their appeal. Pursuant to defendants’ re-cission of their appeal, plaintiffs filed a motion to dismiss intervenors’ appeal for mootness inasmuch as defendants, subsequent to recalling their appeal, granted approval of plaintiffs’ proposed subdivision. In an opinion by this Court rendered August 13, 1982, and found at 419 So.2d 56 (La.App. 3rd Cir.1982), we denied plaintiff’s motion and referred it to the merits of intervenors’ appeal.
ON THE MERITS
A moot case is one which seeks to obtain a judgment on some matter which, when rendered, cannot, for any reason, have a practical legal effect upon a then existing controversy. State v. White, 358 So.2d 999 (La.App. 3rd Cir.1978); Jones v. Natchitoches Parish Police Jury, 371 So.2d 1243 (La.App. 3rd Cir.1979). Courts will not rule on questions of law which have become moot since their decree will serve no useful purpose and can give no practical relief. See State v. White, supra, and the cases cited therein.
In the present case, plaintiffs sought relief against the Calcasieu Parish Planning Commission and Police Jury for approval of a proposed subdivision.[1] Inasmuch as defendants Planning Commission and Police Jury withdrew their appeal, electing instead to comply with the judgment of the district court by adoption of a resolution approving plaintiffs’ subdivision plans, the judgment of the district court is now final and executory as to those defendants. Even if this Court should conclude, as inter-venors contend, that the district judge erred in its judgment against the defendants, we could not reverse this final judgment. Absent an appeal by the Planning Commission or the Police Jury, plaintiffs’ subdivision now stands legally and properly approved by the defendants which acted pursuant to a judgment against them. In-tervenors’ only right to relief would be premised upon their showing that the Planning Commission abused their discretion in approving plaintiff’s plat. This they have not done nor is it likely that such an action would be fruitful.[2] There is no legal impediment to plaintiffs proceeding with construction of the subdivision improvements. There is, therefore, nothing that can be accomplished in this Court by intervenors’ appeal, and accordingly it is hereby dismissed.
Costs on appeal are assessed against in-tervenors-appellants.
APPEAL DISMISSED.

. It is undisputed that the subdivision plans complied with all zoning requirements and regulations. Plaintiffs’ suit claimed that the Planning Commission and Police Jury were arbitrary and capricious in denying approval of their second subdivision plat which more than complied with minimum restrictions of that area.

. Ibid.