540 So.2d 564 (1989)
ALLEN PARISH WATER DISTRICT # 1, Plaintiff-Appellant,
v.
CITY OF OAKDALE, Defendant-Appellee.
No. 87-1321.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Dean J. Guidry, Lafayette, for plaintiff/appellant.
Perrell Fuselier, Oakdale, for defendant/appellee.
Before DOMENGEAUX, FORET and YELVERTON, JJ.
YELVERTON, Judge.
Allen Parish Water District No. 1 and others sued the City of Oakdale attacking Ordinance # 1248 which provided for the city annexation of certain property. The ordinance was later rescinded by the City. The trial judge found that after the ordinance was rescinded, any questions thereafter regarding its validity became moot. He further found that since the ordinance had not been adjudged unreasonable, the one year moratorium on re-enactment imposed by La.R.S. 33:174 was not applicable. From these findings, the water district appealed. We affirm.

FACTS
The annexation ordinance was adopted May 30, 1985. The suit attacking the annexation was filed on July 2, 1985, by Allen Parish Water District No. 1, and certain citizens and property owners. The grounds for the attack were unreasonableness and the failure of the city to comply with procedural requirements of the appropriate statutes, La.R.S. 33:171-180.
On October 17, 1985, the same plaintiffs filed another suit seeking to have the ordinance declared null and void based on the original grounds plus a new allegation of lack of public notice.
On October 24, 1985, the Mayor and Board of Aldermen rescinded Ordinance # 1248. This action was followed on November 7, 1985, by the publication of a *565 legal notice of intent to adopt an annexation ordinance at its next regular meeting scheduled for November 26, 1985. In effect, the city rescinded its first ordinance and started all over again.
On November 21, 1985, some of the citizens and property owners who were plaintiffs in the first two suits filed another petition to contest the proposed new annexation and seek injunctions. All suits were consolidated for trial on the merits. The trial judge recused himself, another judge was appointed to hear the case, and it was finally heard on December 17, 1986.
At trial, the judge permanently enjoined the city from going forward under the notice of intent published November 7, 1985. The proceedings leading to the second attempt at annexation were thus stopped. The trial judge ruled that the repeal of Ordinance # 1248 (the first annexation proceeding) rendered all issues as to that ordinance moot. And finally, the trial judge determined that the one year moratorium imposed by LSA-R.S. 33:174 would not apply in this case. The trial court reasoned that since Ordinance # 1248 had not been adjudged unreasonable, the city would not be prohibited from introducing subsequent annexation ordinances (presumably a third effort) within the year. It is this judgment which is now appealed by the Water District and the other plaintiffs.

ISSUES
There are two issues presented for our review. The first is whether the rescission by the City of Oakdale of Ordinance # 1248 rendered moot the issue as to its validity and reasonableness. The second issue is whether the city was required to refrain from introducing, within a year, another annexation ordinance of practically the same area as the prior ordinance which was rescinded.

1.
To rescind is by dictionary definition to take back, to make void. The Louisiana Supreme Court in City of New Orleans v. Lakowsky, 158 La. 70, 103 So. 513 (1925), held that "the repeal of an act or ordinance is a complete bar to further proceedings." Ordinance # 1248, and all disputes arising out of it, ceased to exist when it was rescinded. Its reasonableness is now moot, and courts do not decide moot questions. Caldwell v. Planning Commission of Calcasieu Parish, 425 So.2d 262 (La.App. 3rd Cir.1982), writ denied, 430 So.2d 95 (La. 1983). The ruling of the trial court regarding the viability of issues arising under Ordinance # 1248 was correct.

2.
Citing R.S. 33:174, the appellants urge that the city should be prohibited for one year from proposing any new annexation ordinance which would encompass practically the same area as that described in Ordinance # 1248.
A suit to contest the reasonableness (as opposed to the violation of procedural requirements) of a proposed extension of corporate limits is provided by R.S. 33:174. This section provides that in such a suit, "The question shall be whether the proposed extension is reasonable". The statute declares that if it is adjudged reasonable, the ordinance shall go into effect 10 days after the judgment is rendered and signed, unless a suspensive appeal is taken. If the ordinance is adjudged unreasonable, the following sanction is made applicable:
"If the proposed extension is adjudged unreasonable the ordinance shall be vacated and the proposed extension shall be denied, and no ordinances proposing practically the same extension shall be introduced for one year thereafter."
In his reasons for judgment, the trial judge stated that since Ordinance # 1248 had not been adjudged unreasonable, the City of Oakdale would not be prevented from proposing an annexation ordinance incorporating practically the same area. This was a correct decision. The moratorium on new annexation proposals imposed by R.S. 33:174 does not become effective until there is an adjudication of unreasonableness of the previous ordinance. Here, the city simply rescinded Ordinance # 1248, there was no adjudication of unreasonableness, and consequently there was no moratorium on new proposals by the city.
*566 For the sake of clarity we point out that the judgment permanently enjoining proceedings following the notice of intent to introduce another ordinance of annexation published November 7, 1985, has not been appealed and is not before us. That injunction was imposed because of fatal procedural defects from which that effort suffered at the outset. That injunction did not prohibit the city from trying again, a third time.
The judgment of the trial court is affirmed at the cost of appellants.
AFFIRMED.