MONROE, J.
The curator of the interdict appealed from a judgment removing him from office, condemning him to pay costs, and appointing a provisional curator. Shortly after the appeal had been lodged in this court, the interdict died, and the plaintiff (appellee) moved to dismiss the appeal, on the ground that the litigation thereby terminated. The case had been, or was thereafter, set down for argument, however, and the motion to dismiss has been submitted with the merits. Counsel for appellant say in their brief that the motion should be denied (1) because the judgment affects the good name of the appellant and he should be afforded an opportunity for vindication; (2) because said judgment condemns the appellant to pay costs, and should, in that respect at least, be reviewed; (3) because, if said judgment should be reversed, the appellant will be entitled to recover his attorney’s fees from the estate of the interdict. We find in the record an affidavit to the effect that the costs and attorney’s fees thus mentioned amount to more than $2,000, but we are referred to no law or precedent upon which to predicate an exercise of the jurisdiction invoked. The purpose of the suit in which the judgment appealed from was rendered was to ascertain whether the interdict was properly provided with a curator, and, if found necessary, to make provision in that respect, and the suit, whether pending in the trial court or on appeal, necessarily abated with the death of the interdict. The question of the effect of the institution of the suit and of the judgment to be rendered therein upon the personal interests and feelings of the litigants, as also the question o-f the attorney’s fees for which the litigants, respectively, might or might not become liable, were not issues in the ease. They involved possible consequences to result from the determination of the issues that were in the case; but inasmuch as, by reason of the abatement of the suit, those issues no longer exist, and no judgment can be rendered thereon, and as the question of costs cannot be considered on the appeal separately from the judgment to which the costs are incident, it follows that the appeal as it now stands presents nothing for the court to decide. Whether, in view of the law regulating appeals in cases of this kind, and of the character and effect of the appeal as taken, and of the fact that by reason of the abatement of the suit the appellant loses the benefit of the appeal, he is entitled to relief in any other form of proceeding with respect to the judgment which condemns him to pay all costs of the district court, is a question which, for the reasons stated, cannot be determined in this proceeding. Tutorship of Melinda Wilds, 6 Rob. 31; Begbie v. Begbie, 128 Cal. 154, 60 Pac. 667, 49 L. R. A. 141; Breaux Dig. p. 170, No. 31.
It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at *249 the cost of the appellant, without prejudice, however, to any right that the appellant may have to contest in some other form of proceeding his liability for the costs for which he is condemned by the judgment appealed from.