O’NIELL, J.
This case was before the court on an appeal from the judgment refusing to interdict the defendant. The judgment appealed from was set aside, because, although we were not satisfied that the defendant was a proper subject for interdiction at the time the suit was filed, we believed that she was, when the judgment was rendered on appeal, a proper subject for interdiction. The case was therefore remanded in order that the trial judge might then dptermine whether the interdiction should be pronounced. See Pons v. Pons, 137 La. 25, 68 South. 201.
*113 [1] Soon after the judgment of this court became final and the case was reinstated on the docket of the civil district court the defendant died. Her succession was opened in the civil district court, and one of the attorneys who had represented her in the interdiction proceedings was confirmed and qualified as testamentary executor. He and the other attorneys who had represented the defendant as such in the interdiction suit presented a motion to the judge of the civil district court, and, on showing that the defendant had died, obtained an ex parte order dismissing the interdiction suit. Three days thereafter the Bank of Orleans, having been' appointed administrator pro tempore for the defendant in the interdiction suit, filed a petition alleging that the order dismissing the interdiction proceedings had been granted improvidently, and obtained a rule on the testamentary executor and the other attorneys who had represented the defendant in the interdiction suit ordering them to show cause why the order dismissing the proceedings ' should not be rescinded. A few days later the plaintiffs in the interdiction suit obtained a similar rule on the testamentary executor and the other attorneys who had represented the defendant in the interdiction suit ordering them to show cause why the order dismissing the proceedings should not be rescinded. Thereafter the Bank of Orleans filed in the civil district court an account of its administration as administrator pro tempore of the estate of the defendant in the interdiction proceedings, together with a petition praying that notice of the filing of the account be published, that the heirs of the deceased defendant be notified, and that the account be approved and homologated. The testamentary executor filed an opposition to the account, first excepting to the jurisdiction of the court on the ground that the administrator pro tempore had become functus officio by the death of the defendant, and that the account should be rendered to him, the testamentary executor, in the succession proceedings. The account was approved and homologated by the court in so far as it was not opposed. The exception filed by the testamentary executor was overruled. The rules to show cause why the order dismissing the interdiction proceedings should not be rescinded were tried, and judgment was rendered dismissing the rules and making absolute the order dismissing the interdiction suit. On the same day on which that judgment was rendered the district court rendered judgment maintaining in part the oppositions to the account of the administrator pro tempore. The Bank of Orleans, in its own behalf and as administrator pro tempore, and Messrs. Frank N. Butler and Lazarus, Michel & Lazarus, the attorneys of the administrator pro tempore, in their own behalf, appealed from the judgment dismissing the interdiction suit and from the judgment rendered on the oppositions to the account of the administrator pro tempore.
The testamentary executor of the deceased defendant and the other attorneys who had represented her in the interdiction proceedings have filed motions to dismiss the appeals from the judgment dismissing the interdiction proceedings. The motions to dismiss the appeals are founded solely upon the contention that the appellants have no interest in demanding a reversal of the judgment appealed from.
It is not and cannot well he disputed that the appellants have sufficient interest to maintain their appeals from the judgment rendered on the oppositions to the final account of the administrator pro tempore. In order to have the benefit of their appeals from that judgment it was necessary that they should also appeal from the judgment dismissing the interdiction proceedings, because, if they permitted that judgment to become final, it *115 would appear that the proceedings in which they had taken their appeal were, at an end.
When the question whether an appellant has an interest in prosecuting the appeal depends upon whether the judgment on appeal shall be rendered for or against him, that question cannot be decided on a motion to dismiss the appeal, but belongs to the merits of the case.
The motions to dismiss the appeals are overruled.