O’NIELL, J.
The appeal in this case was taken by Semilien Deshotels, father of the deceased, Avenant Deshotels, from a judgment rejecting his demand to be appointed tutor of the children of the deceased. The contest for the tutorship was between the mother and the paternal grandfather of the children. The mother’s claim to the natural tutorship was opposed upon the ground that the father of the children had obtained a judgment of divorce, “giving him possession and control of the children. By the judgment rendered in this suit, however, the mother was appointed tutrix.
[1,2] Having appealed from the judgment, Semilien Deshotels died; and one Benoit Deshotels, who was appointed administrator of the estate of the deceased Avenant Deshotels, was made party as appellant herein, and is undertaking to prosecute the appeal.
We are not informed of the relation of Benoit Deshotels to the children whose tutorship was in contest, or of what right he has to oppose the appointment of their mother as tutrix. The right and interest which Semilien Deshotels had in the matter was that he first demanded the appointment. Whatever right or interest he had in that respect was strictly personal to him, and was not transmitted to any one at his death.
An action in which the only right contested is personal to one of the parties, and is not heritable, is abated by his death, and, in that event, a judgment cannot be rendered for or against the survivor. All that we can do in the matter is to dismiss the appeal, and, there being no decree on which to base the costs, require each party to pay the costs incurred by him or her. See In re Jones, 117 La. 106, 41 South. 431; Ruiz v. Pons, 141 La. 110, 74 South. 713.
The appeal is dismissed. Each party to this suit is to pay the costs incurred by him or her.