**89 So.2d 150**

**Interdiction of John RODDY.**

No. 42929.

June 11, 1956.

Armentor & Resweber, New Iberia, for defendant-appellant.

Melvin J. Doran, New Orleans, Robert E. Johnson, Mestayer & Mestayer, New Iberia, for plaintiffs-appellees.

HAMITER Justice.

Four sisters, a brother, and a niece of John Roddy instituted this suit praying for the latter's interdiction (because of alleged physical infirmities) and for reasonable at-

torney's fees. Later, other collateral relatives, by way of intervention, joined in the prayer.

Answering, the defendant affirmatively averred that "he is still in possession of all his mental faculties, although he is bedridden, and he is perfectly capable of managing his own affairs." In reconvention he demanded damages "for mental pain and suffering, embarrassment and humiliation", and additionally attorney's fees for the defense of the proceedings.

On the conclusion of the trial the district judge appointed a temporary administrator for the defendant's estate and ordered the taking of an inventory. Subsequently, he rendered a judgment decreeing the interdiction, awarding attorney's fees of $3,750 to plaintiffs and intervenors, and ordering that such fees and all other costs of the proceedings be paid from the estate of the interdict. No mention was made of defendant's reconventional demand; evidently it was rejected.

From the judgment the defendant requested and obtained a suspensive appeal returnable to this court. However, he died before the transcript was lodged here.

Following such death the defendant's attorneys moved to dismiss the appeal. In the motion they alleged: "The said interdict, John Roddy, died on March 13, 1956, pending this appeal, and the judgment of

interdiction, being purely personal as to the deceased defendant, is therefore abated, and the cause represented by this appeal has, therefore, become moot, all as fully appears from the affidavit annexed hereto and made part hereof." And movers prayed that in dismissing the appeal we order that the costs of this court be borne by appellant's estate and that all costs of the district court (including fees of attorneys) be paid by the respective parties incurring them.

Replying, appellees averred: "That a motion by the appellant herein is pending before this Court, seeking the dismissal of said appeal on the grounds that the action abated with the death of the interdict, and asking that this Court require each party to pay his own costs in these proceedings. * * * That said motion should be denied insofar as it asks that each party pay its own costs for the reason that the abatement occurred before this Honorable Court acquired jurisdiction of the matter, and that the judgment of the trial Court cannot be varied." Appellees prayed "that the appeal be dismissed and costs of the lower court and of the appeal be assessed against appellant."

▆▆▆ The parties hereto have correctly stated that the suit abated on the death of the defendant during the pendency of this appeal, the action having been purely personal to him. This being true the appeal as it now stands presents nothing for us to decide. We cannot even review, as movers would have us to do, that part of the judgment of the district court which awarded attorney's fees and other costs to plaintiffs and intervenors. The proper and only decree to be rendered herein, we think, is one dismissing the appeal, reserving to the defendant's succession any right that it may have to contest in an appropriate proceeding the matter of attorney's fees and other costs for which the defendant was condemned by the judgment appealed from. This view finds support in In re Lambert, 115 La. 469, 39 So. 447 (involving an almost identical legal problem) which was approvingly cited in In re Jones, 117 La. 106, 41 So. 431.

▆▆▆ In the Lambert case the curator for the interdict appealed from a judgment removing him from office, condemning him to pay costs, and appointing a provisional curator. Pending the appeal the interdict died, and the plaintiff (appellee) moved to dismiss the appeal on the ground that the litigation thereby terminated. Appellant urged that the motion should be denied " * * * (1) because the judgment affects the good name of the appellant and he should be afforded an opportunity for vindication; (2) because said judgment condemns the appellant to pay costs, and should, in that respect at least, be reviewed; (3) because, if said judgment should be reversed, the appellant will be entitled to

recover his attorney's fees from the estate of the interdict. * * *" The court, after concluding that the action necessarily abated with the death of the interdict, observed and decreed as follows: "* * * The question of the effect of the institution of the suit and of the judgment to be rendered therein upon the personal interests and feelings of the litigants, as also the question of the attorney's fees for which the litigants, respectively, might or might not become liable, were not issues in the case. They involved possible consequences to result from the determination of the issues that were in the case; but inasmuch as, by reason of the abatement of the suit, those issues no longer exist, and no judgment can be rendered thereon, *and as the question of costs cannot be considered on the appeal separately from the judgment to which the costs are incident, it follows that the appeal as it now stands presents nothing for the court to decide.* Whether, in view of the law regulating appeals in cases of this kind, and of the character and effect of the appeal as taken, and of the fact that by reason of the abatement of the suit the appellant loses the benefit of the appeal, he is entitled to relief in any other form of proceeding with respect to the judgment which condemns him to pay all costs of the district court, *is a question which, for the reasons stated, cannot be determined in this proceeding.* * * *

"It is therefore ordered, adjudged, and decreed that the appeal herein be dismissed at the cost of the appellant, without prejudice, however, to any right that the appellant may have to contest in some other form of proceeding his liability for the costs for which he is condemned by the judgment appealed from." (Italics ours.)

In contending in the instant cause that we should review the judgment of the district court with respect to attorney's fees and other costs movers cite and rely on In re Jones, supra; Doss v. Board of Commissioners of Mermentau Levee District, 117 La. 450, 41 So. 720; Ruiz v. Pons, 141 La. 110, 74 So. 713; Succession of Deshotels, 144 La. 580, 80 So. 883; City of New Orleans v. Lakowsky, 158 La. 70, 103 So. 513. There is some language in the opinions of those cases that seems to lend support to such contention. However, the factual situations therein involved were dissimilar to the one in the present controversy and, hence, those decisions are not controlling here.

For the reasons assigned the appeal is dismissed. However, there is reserved to appellant's succession whatever rights it may have to contest in an appropriate proceeding the matter of attorney's fees and other costs for which the defendant was condemned by the judgment appealed from.