DOUCET, Judge.
The appellant, Mr. Lee M. Smith, who is the administrator of the estate of the now deceased interdict, Curtis M. Smith, is appealing the lower court's approval of the private sale of certain immovable property of the interdict.
Jewel Smith was appointed as the Cura-trix of her husband, Curtis M. Smith, in a Judgment of Interdiction rendered on December 7, 1983. On this same day, Ms. Smith, in her capacity as the Curatrix of the interdict, petitioned the lower court for the authority to privately sell the interdict’s interest in certain immovable property located in Rapides Parish. A judgment was rendered and signed on December 8, 1983, which authorized the sale of the property for the price of $4,250.00. The Interdict, Curtis M. Smith, died on December 14, 1983. Mr. Lee Smith, who is the administrator of the estate of the now deceased Curtis M. Smith, perfected this appeal.
The procedure for securing judicial authorization of immovable property of an interdict is outlined in La.C.C.P. arts. 4554, 4271 and 4341. First, La.C.C.P. art. 4554 states that the articles governing tutorship also apply to Curatorship. La.C.C.P. art. 4271 outlines the basic procedure to be followed in transacting business with the interdict’s property. La.C.C.P. art. 4271 states:
“The tutor shall file a petition setting forth the subject matter to be determined affecting the minor’s interests, with his recommendations and the reasons therefor, and with a written concurrence by the undertutor.. If the court approves the recommendation, it shall render a judgment of homologation. The court may require evidence prior to approving the recommendation.
If the undertutor fails to concur in the tutor’s recommendation, the tutor shall proceed by contradictory motion against him. After such hearing and evidence as the court may require, the court shall decide the issues summarily and render judgment.”
In addition to these requirements outlined in La.C.C.P. art. 4271, there are additional steps to take when a curator seeks to sell an interdict’s property at a *107 private sale which are enumerated in La. C.C.P. art. 4341. La.C.C.P. art. 4341 states:
“In addition to the requirements of Art. 4271, a petition for authority to sell property of a minor at private sale shall set forth a description of the property, the price and condition of the proposed sale, and the reasons which make it advantageous to the minor to sell at private sale.”
Thus the curatrix petitioner must file a petition setting forth her proposal along with a description of the property, the reasons why a private sale is particularly advantageous and the consent of the undercurator.
The appellant contends that the trial court erred when it homologated the private sale when the petition for homologation failed to comply with La.C.C.P. arts. 4271 and 4341 which stipulate the above mentioned requirements. The appellant also contends that the petition did not state why the proposed purchase price was fair and reasonable.
The record discloses that the petition for homologation did not include a description of the property or state the reasons why a private sale was particularly advantageous, and therefore, constituted noncompliance with La.C.C.P. arts. 4271 and 4341. Also, the record discloses that the original appraised price of the property, only three months prior to this homologation, in the descriptive list was $9,000.00, while the suggested sale price was $4,250.00. The petition did not explain this discrepancy in the value or why the value would have depreciated in only three months. In light of these irregularities throughout this transaction, we hold that the trial court improperly homologated the sale of the interdict’s immovable property.
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded. Costs of this appeal are assessed to Jewel Smith, the former Curatrix of the Interdict, Curtis M. Smith.
REVERSED AND REMANDED.