STOKER, Judge.
Donald Stephens appeals from a judgment dismissing his suit to annul the interdiction of his father, now deceased. The trial judge determined that Donald’s action, which was based on a lack of jurisdictional venue by the interdicting court, was barred by res judicata, and he dismissed the claim. We affirm the dismissal, but on different grounds.
Donald’s father, Oscar Stephens, was interdicted by a judgment of November 3, 1981, after he was left completely incapacitated by a stroke. Donald’s mother, Hazel Stephens, was named curatrix. The proceedings took place in Sabine Parish, based on Oscar’s residence in a Many nursing home. Hazel continued to reside at the family home at Robeline, in Natchitoches Parish.
Oscar Stephens died on May 13, 1984. Donald filed suit on February 6, 1985 to annul the judgment of interdiction. He argued that under LSA-C.C.P. articles 44 and 4541, the action for interdiction should have been brought in Natchitoches Parish, as that parish remained Oscar’s domicile. Donald further urges that since venue in an interdiction proceeding is jurisdictional, and Sabine Parish was not a proper venue, the judgment was null under LSA-C.C.P. art. 2002, because it was rendered by a court without subject matter jurisdiction.
Hazel Stephens filed peremptory exceptions to Donald’s action, claiming that it was barred by res judicata, and that it was moot because of Oscar’s death. The trial court concluded:
“This Court had jurisdictional venue over the person of Mr. Stephens and the interdiction proceeding, there was a jurisdictional basis for the judgment rendered therein, and the matter is now res judica-ta. Accordingly the Exception of Res Judicata is sustained.”
The trial court did not rule on the peremptory exception insofar as it urged mootness. Donald Stephens appeals the dismissal of his suit.
The trial court’s conclusion that the interdiction judgment is res judicata could be valid only if the interdicting court had jurisdiction to pronounce the interdiction. We do not reach the question of jurisdiction. However, we note that res judicata cannot apply to a judgment which is absolutely null. Bowers v. Jones-Journet, 316 So.2d 18 (La.App. 4th Cir.1975). We agree with the trial court that plaintiff’s suit, which simply seeks to nullify the interdiction, should be dismissed. The question is moot.
Oscar Stephens’ death mooted any attack on the interdiction proceeding solely for the purpose of invalidating the interdiction itself. The purpose of an interdiction is to provide for the care of a person who is incapable of caring for himself. See LSA-C.C. art. 389. At the death of the interdict, the proceeding abates. In re Roddy, 230 La. 635, 89 So.2d 150 (1956); In re Lambert, 115 La. 469, 39 So. 447 (1905). Since the interdiction had terminated, there is nothing to annul.
*428 We glean from the record that Donald’s ultimate goal is to set aside a sale of property which Hazel was authorized to sell following the interdiction of her husband. We do not hold that Donald has no remedy against the judgment of the court allowing the sale. If he should seek relief relative to the sale, and the interdiction is an absolute nullity, it may be shown in collateral proceedings. LeGlue Buick, Inc. v. Smith, 390 So.2d 262 (La.App. 3d Cir.1980).
As the interdict is deceased and the interdiction has abated for the purposes of this case, the issue of subject matter jurisdiction over the proceeding is moot. We dismiss the plaintiff’s suit, and assess the costs of both trial and appellate proceedings against the plaintiff.
AFFIRMED.