LOBRANO, Judge.
This appeal arises from the trial court’s denial of a motion which seeks to rescind a previous ex parte order awarding attorney fees and expert medical fees as extraordinary expenses of the curatorship of the interdict, Stella W. Cahn.
For the reasons assigned we reverse and vacate the award of attorney and medical fees.
FACTS:
On November 15, 1983 Stella W. Cahn was interdicted. Mary A. Edwards was appointed curatrix and Lillian Cador the undercuratrix.
In November of 1985 Marcella Ogundele and Andrea Victor (Victor), sister and niece of Mrs. Cahn retained the services of attorney Brian Sondes in removing Edwards as curatrix. A suit to remove Edwards was subsequently filed.
On January 17, 1986, following a trial on the merits, the court removed Edwards and Cador, and appointed Victor as provisional curatrix for six weeks from the date of judgment. Dr. Brobson Lutz testified as a medical expert in those proceedings.
Prior to the expiration of the legal delays for appeal, Mrs. Cahn died.[1] As of the date of Mrs. Cahn’s death, Victor had not filed her oath or bond, nor had she been issued letters of curatorship.
On May 20, 1986 Victor, through her attorney, Brian Sondes, filed a motion requesting payment of $4,499.18 in attorney fees, and $898.46 in expert medical fees as extraordinary expenses of the interdict’s estate. Ex parte, the court granted the motion.
On May 26, 1987 Edwards filed a “Rule to Dismiss Action as Abated” asserting that the interdiction proceedings abated with the death of Mrs. Cahn and that the court’s ex parte order of May 20, 1986 *5 should be recalled. On June 22, 1987 the trial court dismissed the interdiction proceeding, but refused to vacate the award of attorney and medical fees.
From this judgment Edwards appeals asserting that the judgment which removed her as curatrix was not a final judgment as of the date of Mrs. Cahn’s death, and that because all proceedings abated with her death it was error for the trial court to subsequently award attorney fees and expert medical fees. We agree.
The assessment of costs in interdiction proceedings is governed by the provisions of Code of Civil Procedure Article 4551. However, as suggested by comment (b) to that article, where the interdict (or defendant) dies prior to a final judgment, the usual result of abatement applies and each party pays his own costs. See Ruiz v. Pons, 141 La. 110, 74 So. 713 (1917), cited in comment (b).
Interdiction proceedings are purely personal and once the interdict dies the proceedings are abated. Ruiz v. Pons, supra; In re Jones, 117 La. 106, 41 So. 431 (1906); In re Lambert, 115 La. 469, 39 So. 447 (1905). Thus, when the trial judge awarded costs and attorney fees on May 20, 1986 the proceedings had already abated. In fact, the abatement occurred prior to the judgment of January 17, 1986 becoming final. In Lambert, supra, the court held it could not consider the question of attorney fees and costs separately from the judgment to which the costs are incident, and since the interdiction proceedings abated with the interdict’s death, the appeal was dismissed.
The same rationale applies in the instant case. The provisional curatrix is attempting to tax the costs of removing the former curatrix to the estate of the interdict. Had that judgment become final before the interdict died, that position would have been correct. Article 4551, supra. However once abatement occurs, whether at the trial or appellate level, the proceedings cease and the only matter that can be considered is the final accounting by the curatrix. Ruiz v. Pons, supra. Therefore the trial court could not assess costs once the proceedings abated. Thus, since the interdiction suit abated prior to the judgment becoming final, each party must pay his own costs. In re Jones, supra.
We hold it was error for the trial court to tax costs against the interdict’s estate subsequent to her death. Accordingly we reverse that portion of the June 22, 1987 judgment which denied the request to set aside the award of attorney fees and medical fees, and vacate the award of those fees as extraordinary expenses of the interdict, Stella Cahn.
REVERSED AND RENDERED.
WILLIAMS, J., concurs with reasons.

. Mrs. Cahn died on February 5, 1986. Edwards had 30 days within which to perfect her appeal. La.C.C.P. Art. 4548.