ROBERT M. MURPHY, Judge.
| j)This appeal arises out of the trial court’s judgment granting a petition to sell the property of the interdict, Rita Ventu-relli Powell, which was filed by the curator, Gina Powell Boudreaux, and the undercu-rator, Lori Powell Stines. Appellants, Francisco Venturelli, Linda Calise, Cynthia Powell Friend and Michelle Freder-icks, filed the instant appeal seeking to reverse the trial court’s judgment granting the curator and undercurator’s petition to sell the property of the interdict. For the reasons that follow, we affirm the judgment of the trial court.
FACTS AND PROCEDURAL HISTORY
Rita Venturelli Powell (“the Interdict”) owned the property at issue with her now deceased husband, Jimmy Clarence Powell. Rita and her husband had five daughters, Gina Powell Boudreaux, Lori Powell Stines, Cynthia Powell Friend, Michelle Fredericks and Jaime Powell. On December 6, 2011, Gina Powell Boudreaux and Lori Powell Stines, appellees, filed a petition for the permanent interdiction of their mother, alleging that their mother had lost the ability to properly care for her person, property and financial assets due to her history of |Ranoxic brain injury, subdural hemorrhage, seizure disorder, and significant neurocognitive deficits. At the time the petition for interdiction was filed, Rita was 68 years old and resided in Riverbend Nursing & Rehab Center in Belle Chasse, Louisiana.
On April 24, 2012, the trial court appointed an attorney to represent Rita in connection with the petition for interdiction. After the trial court conducted a hearing on the petition for interdiction, the trial court issued a judgment on June 14, 2012, granting the permanent interdiction of Rita, and appointing Gina Powell Bou-dreaux and Lori Powell Stines as curator and undercurator, respectively.
On July 24, 2012, the brother and sister of the Interdict, Francisco Venturelli and Linda Calise, appellants, filed a motion to *505 remove the curator and undercurator. In their motion, Mr. Venturelli and Mrs. Calise made several allegations, including claims that both the curator and the un-dercurator refused to share the Interdict’s medical information with family members, that they prohibited family members from removing the Interdict from the nursing home for any reason, and that they refused to allow the Interdict to be evaluated to determine whether hyperbaric treatment would be an appropriate treatment for her condition. At the conclusion of the hearing of the motion to remove the curator and undercurator, the trial court denied the motion, finding that Mr. Venturel-li and Mrs. Calise failed to show good cause for their removal.
On June 19, 2013, appellees filed a petition to sell the Interdict’s home, asserting that the proposed sale was in the best interest of the Interdict because she no longer lived in the home, and the home’s required upkeep and maintenance resulted in an unnecessary expense on the Interdict. Due to the Interdict’s limited income, appellees asserted that the proceeds of the sale would be used for her maintenance and support. The petition further alleged that appellees desired to sell |4the property to specific purchasers through a private sale for $155,000. Appellees attached a copy of the proposed residential sale agreement to the petition.
On August 9, 2013, the trial court held a hearing on the petition to sell the property of the Interdict. At the hearing, appellees presented the trial court with an appraisal of the home for $150,000, explaining that the home had extensive termite damage. The court-appointed attorney for the Interdict was also present at the hearing and stated that he had no objection to the petition. Two of the Interdict’s other daughters, Michelle Fredericks and Cynthia Powell Friend, appellants herein, also made an appearance at the hearing. The trial court allowed Mrs. Fredericks and Mrs. Friend to present evidence of a “drive-by” appraisal of the home for $240,000, that they had obtained through their own appraiser. Mrs. Fredericks also argued that she opposed the sale of her mother’s home because her mother allegedly told her that she did not want her home sold. Mrs. Fredericks also complained that she and other family members were prohibited from removing the Interdict from the nursing home. The trial court informed Mrs. Fredericks that those issues were not before the court, but ordered appellees to obtain another appraisal of the home, in order to ensure that the property would be sold for its fair market value. In addition, the trial court discharged the Interdict’s court-appointed attorney, finding that his involvement was no longer necessary once the curator and un-dercurator had been appointed to represent the interests of the Interdict.
On September 23, 2013, the trial court held another hearing on the petition to sell the Interdict’s property, wherein appellees submitted a new appraisal of the home for $175,000. Appellees explained that because the proposed sale of the home for $155,000 would occur through a private sale, as opposed to occurring through a real estate agent, the Interdict would receive the benefit of not having to pay between four and six percent of the sale price in commission to a real estate Uagent. Appellees again argued that the sale of the home was in the best interest of the Interdict. Specifically, appellees noted that the Interdict’s only source of income was Social Security, and that the balance of her expenses is paid by Medicaid, after her Social Security is expended. Appel-lees asserted that the entire proceeds of the sale would be held in reserve to pay for the Interdict’s maintenance and care, as opposed to having those expenses paid *506 by Medicaid. Once the sale proceeds are expended, appellees informed the trial court that the Interdict would rejoin the Medicaid program for purposes of her maintenance and care.
The Interdict’s niece appeared at the hearing and requested permission to play a video for the trial court, wherein the Interdict allegedly stated that she did not want her home to be sold. The trial court refused to consider the video tape, stating that to do so would be improper under the Louisiana Rules of Evidence due to the fact that Rita had been interdicted, and therefore, was not competent to testify. After considering the totality of the circumstances, the trial court held that the proposed sale was fair and reasonable and granted the petition to sell the Interdict’s property. The trial court issued a judgment authorizing appellees to sell the Interdict’s home on October 8, 2013.
Appellants, Francisco Venturelli, Linda Calise, Cynthia Powell Friend and Michelle Fredericks, initially filed a motion for a suspensive appeal on November 18, 2013, which was granted by the trial court on November 20, 2013. However, after appellants failed to furnish the required bond within the time provided by law, this Court converted the appeal to a devolutive appeal on February 24, 2014.
Appellees request that this Court award sanctions against appellants under La. C.C.P. art. 2164 for filing a frivolous appeal.
|fiLAW AND ANALYSIS
On appeal, appellants allege that the trial court committed several errors in granting appellees’ petition to sell the property of the Interdict. However, as an initial matter, we find that appellants’ appeal of the trial court’s judgment at issue is not properly before this Court. An appeal taken in connection with an interdiction is governed by La. C.C.P. art. 4555, which provides that an appeal from (1) a judgment of interdiction, (2) an order or judgment appointing or removing a curator or undercurator, or (3) a judgment modifying or terminating interdiction shall be taken within thirty days from the applicable date provided by Article 2087.
In this case, the trial court issued a judgment on June 14, 2012, ordering the permanent interdiction of Rita and appointing Gina Powell Boudreaux and Lori Powell Stines as curator and undercurator, respectively. Under La. C.C.P. art. 4555, appellants were entitled to appeal that judgment, asserting any arguments they may have had regarding the Interdict’s capacity or the propriety of the curator and undercurator.
However, appellants failed to file any such appeal of that judgment within the delays provided in La. C.C.P. art. 4555. Instead, appellants have taken an appeal of the judgment granting the curator and undercurator’s petition to sell the Interdict’s property, wherein they have raised issues regarding the Interdict’s capacity to consent to the sale of the property, as well as issues regarding the Interdict’s current medical condition. First, we emphasize that these issues were simply not before the trial court when it ruled upon the petition to sell the Interdict’s property, and therefore, they are not properly assigned as errors on appeal. More importantly, La. C.C.P. art. 4555 does not provide appellants with the right to appeal a judgment granting a petition to sell property of an interdict. |7Because appellants have failed to appeal a judgment prescribed in La. C.C.P. art. 4555, we find that this appeal is not properly before this Court.
Nevertheless, we have reviewed appellants’ assignments of error and find them to be without merit.

*507
Assignment of Error Number One:

In their first assignment of error, appellants contend that the trial court erred by depriving the Interdict of her property without due process of law because the Interdict was never provided with notice of the hearing of the petition to sell her property, thereby denying her of an opportunity to be heard. Appellants further allege the trial court erred by discharging the Interdict’s court-appointed attorney without appointing new counsel to represent her at the second hearing, which occurred on September 23, 2013.
A full interdict lacks capacity to make juridical acts. La. C.C. art. 395. Following an order of full interdiction, the court is required to appoint a curator to represent the interdict in juridical acts and to care for the person or affairs of the interdict, as well as an undercurator to discharge the duties prescribed for him by law. La. C.C. arts. 392 and 393. The relationship between interdict and curator is the same as that between minor and tutor, and therefore, the following procedural rules that are applicable to tutorship are applicable to curatorship: La. C.C.P. arts. 4261-4269, 4270-4274, 4301^342, and 4371. See La. C.C.P. art. 4566(A).
A curator may sell any interest of an interdict in property, for any purpose, when authorized by the court as provided in La. C.C.P. art. 4271. See La. C.C.P. art. 4301. In order to sell the property of the interdict, La C.C.P. art. 4271 provides, in pertinent part, as follows:
The [curator] shall file a petition setting forth the subject matter to be determined affecting the [interdict’s] interest, with his recommendations and the reasons therefore, and with a written ^concurrence of the [undercurator]. If the court approves the recommendations, it shall render a judgment of ho-mologation. The court may require evidence prior to approving the recommendations.
In Interdiction of Smith, 467 So.2d 105, 106-07 (La.App. 3 Cir.1985), the Third Circuit set forth additional steps to take when a curator seeks to sell an interdict’s property at a private sale, which are enumerated in La. C.C.P. art. 4341. La. C.C.P. art 4341 provides as follows:
In addition to the requirements of Article 4271, a petition for authority to sell property of [an interdict] at private sale shall set forth a description of the property, the price and conditions of the proposed sale, and the reasons which make it advantageous to the [interdict] to sell at private sale.
Our review of the record fails to show any due process violations in connection with the trial court’s grant of the petition to sell the Interdict’s property. We find that appellees have fully complied with the applicable law in petitioning the trial court for approval of their request to sell the Interdict’s property. Without citing any authority, appellants contend that the trial court deprived the Interdict of due process of law because she was not served with notice of the hearing, and therefore, was denied an opportunity to be heard. We disagree. The applicable law clearly provides that the curator is appointed to represent the interdict’s interests once a full interdiction has been ordered, and a full interdict lacks legal capacity to sell property. See La. C.C. arts. 392 and 395. Therefore, we find no error in granting the petition to sell the Interdict’s property, even though the Interdict was not served with notice of hearing, or given an opportunity to be heard.
Moreover, while we note that under La. C.C.P. art. 4544, the trial court is required to appoint an attorney to represent an interdict in connection with a peti *508 tion for interdiction, there is no requirement that the court-appointed attorney continue to represent the interdict once the trial court renders a judgment of | (¡interdiction and appoints a curator and undercurator. Here, the Interdict’s court-appointed attorney appeared at the first hearing of the petition to sell the Interdict’s property. However, the trial court discharged the court-appointed attorney at that hearing, finding that because the curator and the undercurator had been appointed to represent the Interdict following the interdiction proceeding, the Interdict’s attorney was no longer necessary. We find no error in the trial court’s dismissal of the Interdict’s court-appointed attorney. Therefore, we find this assignment of error to be without merit.

Assignment of Error Number Two:

In their second assignment of error, appellants contend that the trial court erred in granting the petition to sell the Interdict’s property because the curator failed to file a personal report regarding the Interdict’s condition as required by La. C.C.P. art. 4569. Appellants further allege that the trial court erred by failing to admit into evidence the video tape of the Interdict allegedly contesting the sale, and by failing to make any evaluation of the Interdict’s medical condition as it related to the sale.
As set forth above, we have found that appellees complied with the applicable law in petitioning the trial court for approval to sell the Interdict’s property. Contrary to appellants’ assertion, La. C.C.P. art. 4569 does not require the curator to file a personal report as to the Interdict’s condition in connection with a petition to sell the Interdict’s property. Rather, Article 4569 requires that the curator file such a report “annually, upon the termination of his responsibilities, and at any other time ordered by the court.” La. C.C.P. art. 4569. There is no indication in the record that the trial court ordered such a report in connection with the petition to sell the Interdict’s property, or that the trial court should have ordered such a report under the circumstances.
| inThe Interdict’s medical condition was simply not an issue before the trial court •with respect to the petition to sell the Interdict’s property. If appellants seek to change the status of the trial court’s judgment of full interdiction, based upon an alleged change or improvement in the Interdict’s current medical condition, their only remedy is to file a motion to modify or terminate the Interdict’s full interdiction under La. C.C.P. art. 4554. Because the judgment at issue only involves the curator and undercurator’s request to sell the property of the Interdict, any issues involving the Interdict’s condition, or her legal capacity, were not before the trial court. Therefore, we find this assignment of error to be without merit.

Assignment of Error Number Three:

Lastly, appellants contend that the trial court erred in granting the petition to sell, where no evidence was presented indicating that the sale was in the best interest of the Interdict. On the contrary, we find that the record clearly shows that appellees established that the sale was in the Interdict’s best interest. Specifically, appellees explained that the sale of the home was in the best interest of the Interdict because she no longer lived in the home, and the home’s required upkeep and maintenance created an unnecessary financial burden on the Interdict’s limited income. Specifically, the inspection report revealed an active Formosan termite infestation within the home. Appellees noted that the Interdict’s only source of income was Social Security, and that the balance of her expenses is paid by Medicaid. Ap- *509 pellees asserted that the entire proceeds of the sale would be held in reserve to pay for the Interdict’s maintenance and care, as opposed to having those expenses paid by Medicaid.
Furthermore, even though it was under no requirement to do so, the trial court allowed appellants to present argument at the hearing, after which, the court l1Tordered the curator to obtain another appraisal in an effort to ensure that the property was sold for fair market value. After considering the totality of the circumstances, the trial court determined that the sale was in the best interest of the Interdict, and granted the petition to sell the property at issue. Our review fails to show any error in the trial court’s ruling. Accordingly, this assignment of error is without merit.

Sanctions for Frivolous Appeal:

Appellees seek sanctions against appellants under La. C.C.P. art. 2164 for a frivolous appeal. The imposition of damages for a frivolous appeal is regulated by La. C.C.P. art 2164. Courts have been very reluctant to grant damages under this article as it is penal in nature and must be strictly construed. Lee v. Alton Ochsner Med. Found., 01-650 (La.App. 5 Cir. 10/17/01); 798 So.2d 1225, 1229, unit denied, 01-3094 (La.2/1/02); 807 So.2d 853, citing Guarantee Systems Const. & Restoration, Inc. v. Anthony, 97-1877 (La.App. 1 Cir. 9/25/98); 728 So.2d 398, 405, writ denied, 98-2701 (La.12/18/98); 734 So.2d 636. “In order to assess damages for a frivolous appeal, it must appear that the appeal was taken solely for delay or that appealing counsel does not sincerely believe in the view of law he advocates.” Id. While we find that appellants’ arguments are without merit, we cannot say that their arguments were presented in bad faith solely for purposes of harassment or delay. Therefore, we find that damages for a frivolous appeal are not warranted in this case.
| ^CONCLUSION
Accordingly, for the reasons stated herein, we affirm the trial court’s judgment granting appellees’ petition to sell the property of the Interdict. Additionally, we deny appellees’ request for damages for a frivolous appeal. All costs of this appeal are assessed against appellants.

AFFIRMED.