MCDONALD, J.
In this appeal, children of an interdict challenge the judgment of permanent interdiction. We dismiss the appeal as moot.
FACTUAL AND PROCEDURAL BACKGROUND
In April 2017, 91-year-old Roy J. Shubert Jr. was discharged from the hospital and admitted to hospice care with end-stage *809 kidney disease, diabetes, and hypertension. Upon leaving the hospital, Mr. Shubert moved into the home of his daughter and son in law, Kathleen and Melvin Brown. Kathleen handled Mr. Shubert's medical and financial affairs under a power of attorney as well as under the terms of a family trust established by her parents in 1997.
In July 2017, Mr. Shubert moved into The Trace Senior Community in Covington, Louisiana. In a letter, Kathleen explained to her three siblings, Roy J. Shubert III, Linda A. Shubert, and Diane Shubert Cox (Siblings) that family member visits had created unhealthy turmoil in her home, that their father became agitated and unsettled after visits, and that he and she had decided that it was best for him to move to The Trace. She stated that their father's new residence would give each of them an opportunity to spend time with him.
On August 14, 2017, Kathleen filed a petition to interdict Mr. Shubert, attaching the affidavit of Dr. Hyon Kim, a psychiatrist, who had evaluated her father and determined he was "unable to consistently make reasoned decisions regarding the care of his person or property." Kathleen alleged that other family members were trying to get Mr. Shubert to revoke her authority to manage his affairs and that Mr. Shubert did not have the mental capacity to make that decision. The trial court signed a temporary interdiction order, issued temporary letters of curatorship to Kathleen, appointed an undercurator and an attorney ad hoc as Mr. Shubert's counsel, and noticed a hearing on the preliminary interdiction. The attorney ad hoc filed an answer on Mr. Shubert's behalf, seeking dismissal of the interdiction petition.
On August 23, 2017, the trial court held the hearing, at which Mr. Shubert, his attorney ad hoc, Kathleen, her attorney, the undercurator, and the Siblings were present. Kathleen's attorney called witnesses and entered documentary evidence at the hearing with no objection, and the attorney ad hoc, who visited Mr. Shubert two days before the hearing, testified. The Siblings made no formal appearance. At the end of the hearing, the trial court indicated there was sufficient evidence to warrant Mr. Shubert's permanent interdiction. On September 20, 2017, the trial court signed a judgment permanently interdicting Mr. Shubert, appointing Kathleen as his curator; appointing a permanent undercurator and setting her fee; giving Kathleen discretion to set visitation guidelines for Mr. Shubert's visitors, including the power to limit or prohibit visitation; prohibiting the Siblings from agitating Mr. Shubert; limiting the Siblings' communication with Kathleen to writing only; and other matters.
The Siblings appealed from the September 20, 2017 interdiction judgment. After the appeal was lodged, Mr. Shubert died on January 25, 2018. Kathleen then filed a motion to dismiss the Siblings' appeal as moot, and the Siblings opposed the dismissal. Another panel of this court referred the motion to this panel for decision. Because our decision on the motion to dismiss disposes of the appeal, we pretermit decision of the issues raised in the appellate briefs.
DISCUSSION
In support of her motion to dismiss, Kathleen contends her Siblings' appeal from the interdiction judgment should be dismissed as moot because Mr. Shubert died during the pendency of the appeal. She claims there is no longer a justiciable controversy among the parties because her father's death renders the question of whether he should have been interdicted *810 (i.e., whether he was capable of making reasoned decisions regarding his person and property) purely academic, advisory, and thus, impermissible.
In opposition, her Siblings contend their appeal is not moot, because issues remain as to whether the interdiction judgment was validly obtained. They claim: Kathleen abused her position as Mr. Shubert's mandatary in committing him to The Trace, without visitation, to prevent him from seeking his own counsel in the interdiction proceedings; the interdiction judgment was obtained in violation of Mr. Shubert's statutory and constitutional rights and he had tort actions under LSA-C.C. art. 2315.1, which survived his death; and, Mr. Shubert's court-appointed attorney ad hoc did nothing to oppose the interdiction, even though he possessed information warranting opposition. According to the Siblings, these issues are reviewable as part of their appeal from the interdiction judgment. Alternatively, the Siblings contend that, if we choose to dismiss the appeal, the dismissal should be without prejudice to their rights to pursue these issues.
The purpose of a full interdiction is to provide for the care of a person and his property when, due to an infirmity, he is unable consistently to make reasoned decisions regarding these interests, and when these interests cannot be protected by less restrictive means. See LSA-C.C. art. 389. Interdiction terminates upon death of the interdict. LSA-C.C. art. 397. Thus, the trial court's adjudication of Mr. Shubert as an interdict cannot now serve a useful purpose or give any practical effect and moots any challenge to the issue of whether he should have been interdicted. See Joseph v. Ratcliff, 10-1342 (La. App. 1 Cir. 3/25/11), 63 So.3d 220, 225 ; In Re: Meraux, 03-0633 (La. App. 4 Cir. 2/4/04), 867 So.2d 818, 819 ; Interdiction of Stephens, 488 So.2d 426, 427 (La. App. 3 Cir. 1986).
As to any other issues, we note that courts will not decide abstract or hypothetical controversies or render advisory opinions about controversies. Joseph, 63 So.3d at 225. Mr. Shubert's attorney ad hoc could have contested the judgment of interdiction before or after it was signed or could have brought a tort action against Kathleen for alleged violations of Mr. Shubert's statutory and constitutional rights. See LSA-C.C.P. art. 4554 ; LSA-C.C. art. 2315. Similarly, before their father's death, the Siblings could have challenged the effectiveness of the attorney ad hoc's legal assistance, could have filed a rule to show cause seeking visitation with their father, or could have sought Kathleen's removal as curator once appointed. See LSA-C.C.P. arts. 4554, 4568, 4570. However, the record shows that no such steps were taken. Thus, none of these issues were before the trial court when it rendered the interdiction judgment, and therefore, they are not before us or properly assigned as error on appeal. See In Re: Interdiction of Powell, 14-78 (La. App. 5 Cir. 6/24/14), 145 So.3d 503, 506.
CONCLUSION
For the above reasons, we dismiss this appeal as moot. Costs are assessed to Roy J. Shubert III, Linda A. Shubert, and Diane Shubert Cox.
APPEAL DISMISSED.