STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2019 CA 0987

IN RE: INTERDICTION OF ANGELA ANN AMOROSO

Judgment Rendered: **FEB 2 1 2020**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 105,395

Honorable Janice Clark, Judge Presiding

* * * * *

| | |
|---|---|
| Mark D. Boyer<br>Blake F. Harris<br>Denham Springs, LA | Attorneys for Plaintiff-Appellant,<br>Marian M. Wethey |
| Elzie Alford, Jr.<br>Baton Rouge, LA | Court-Appointed Counsel for<br>Angela Ann Amoroso |
| Bobby R. Lormand, Jr.<br>Adam W. Taylor<br>Baton Rouge, LA | Attorney for Intervenor-Appellee,<br>Ronald W. Amoroso, Sr. |

* * * * *

BEFORE: HIGGINBOTHAM, PENZATO, AND LANIER, JJ.

**HIGGINBOTHAM, J.**

This is an appeal from a judgment decreeing the full interdiction of Angela Ann Amoroso. The judgment also appointed the interdict's mother as curator and the interdict's father as undercurator. Additionally, though not requested in any pleading, the judgment named the father's counsel of record and the interdict's court-appointed counsel as co-counsel to further represent the interdict in litigation regarding alleged injuries the interdict sustained as a result of medical malpractice.

## BACKGROUND

On October 18, 2018, Marian M. Wethey filed a petition for full interdiction of her 53-year old adult daughter, Angela, who was mentally and physically unable to make reasoned decisions regarding the care of her person or property. Angela's condition was caused by Cornelia de Lange syndrome, a form of mental retardation with which she suffered since birth, and a medical emergency that occurred in August 2018, resulting in a need for an increased level of care due to decreased cognitive abilities. Angela's mother requested that she be appointed curator and that Angela's adult brother, Ronald W. Amoroso, Jr., be appointed undercurator.

On December 7, 2018, Angela's father, Ronald W. Amoroso, Sr., filed a petition for intervention in the interdiction proceedings. Angela's father requested that the petition for full interdiction be dismissed or, in the alternative, that he be appointed as curator or undercurator. An attorney was appointed to represent Angela's interests. After visiting with Angela and reviewing her medical records, Angela's attorney ultimately recommended at the interdiction hearing that Angela be fully interdicted and that her parents be named as co-curators or that the father be named as the undercurator.

At the start of the interdiction hearing on April 22, 2019, the father rescinded his opposition to the full interdiction of his daughter. He also suggested to the trial court that he was no longer opposed to Angela's mother being appointed curator, but

that he still desired to be appointed undercurator. The mother indicated that it was in Angela's best interest for Angela's brother to be appointed undercurator. Finding no reason to disqualify either parent, the trial court appointed the mother as curator and the father as undercurator. Immediately after that ruling, the father's attorney requested that the trial court consider an additional matter of appointing his law firm to continue its representation of Angela in a pending medical malpractice action. The mother opposed the request since she had been appointed curator and had the right to pursue lawsuits on behalf of Angela. Without any further discussion or considering any evidence, the trial court ruled that the father's attorney would be allowed to continue representing Angela in the medical malpractice action. Further, without any request by any party, the trial court appointed Angela's court-appointed attorney as co-counsel in the malpractice action. On April 30, 2019, the trial court signed a judgment of full interdiction of Angela. In the judgment, the trial court included the appointment of counsel to represent Angela in her medical malpractice litigation.

Less than one month later, on May 21, 2019, Angela died. Nevertheless, the mother filed a motion for appeal on May 31, 2019, contending that the trial court legally erred in appointing attorneys to pursue a medical malpractice claim on behalf of the interdict when the issue was not properly before the trial court. The mother also argues that only the curator has the authority to bring lawsuits on behalf of the interdict. The fact of Angela's death is not contained in the appellate record per se; rather, it is separately admitted in both parents' appellate briefs. Given the death of Angela, the father argues that any issues regarding the interdiction judgment are now moot since the interdiction and curatorship terminated on Angela's death. The mother counters that while the interdiction issues may be moot since Angela died, the appointment of counsel to represent Angela's interests in any pending medical

3

malpractice action is null because that issue exceeded the scope of available relief in the interdiction proceeding.

## LAW AND ANALYSIS

Initially, we observe that due to the parties' undisputed admissions that Angela is deceased, the judgment of interdiction on appeal is at least partially moot. Interdiction terminates upon the death of the interdict. La. Civ. Code art. 397. The interdiction of Angela cannot now serve a useful purpose or give any practical effect. See **In re Interdiction of Shubert**, 2017-1738 (La. App. 1st Cir. 9/24/18), 258 So.3d 808, 810. Therefore, the only remaining issue is whether the portion of the judgment that appoints counsel to represent Angela's interests in the pending medical malpractice action has any legal effect.

We are well aware, as the father aptly points out in his appellate brief, that appellate courts do not decide abstract or hypothetical controversies or render advisory opinions about controversies. See **Joseph v. Ratcliff**, 2010-1342 (La. App. 1st Cir. 3/25/11), 63 So.3d 220, 225. Angela's death mooted any attack on the interdiction proceeding solely for the purpose of invalidating the interdiction itself. See **Interdiction of Stephens**, 488 So.2d 426, 427 (La. App. 3d Cir. 1986). However, the appointment of counsel for a medical malpractice claim is a completely separate issue. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. **In re C.C.**, 2015-0140 (La. App. 1st Cir. 12/23/15), 2015 WL 9435190, *2 (unpublished), writs denied, 2015-2251 (La. 12/23/15), 184 So.3d 687 and 2016-0197 (La. 3/4/16), 188 So.3d 1055, writ not considered, 2016-1304 (La. 7/12/16), 194 So.3d 1130. A "justiciable controversy" is one presenting an existing actual and substantial dispute involving the legal relations of parties who have real adverse interests and upon whom the judgment may effectively operate through a decree of conclusive character. Thus, a "justiciable controversy" is distinguished from one that is hypothetical or abstract,

4

academic, or moot. **City of Hammond v. Parish of Tangipahoa**, 2007-0574 (La. App. 1st Cir. 3/26/08), 985 So.2d 171, 178.

We find that the trial court erred as a matter of law when it entered a judgment appointing counsel to represent Angela in a separate medical malpractice action. The trial court may only grant relief warranted by the arguments contained in the pleadings and the evidence. See **Smith v. Franklin**, 2010-2055 (La. App. 1st Cir. 5/6/11), 2011 WL 2023478, *2 (unpublished). Furthermore, due process requires adequate notice to the parties of the matters that will be adjudicated. **Glover v. Medical Center of Baton Rouge**, 97-1710 (La. App. 1st Cir. 6/29/98), 713 So.2d 1261, 1262. When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised by the pleading. La. Code Civ. P. art. 1154. A timely objection to an attempt to enlarge the pleadings, coupled with the failure to move for an amendment to the pleadings, is fatal to an issue not raised by the pleadings. **Smith**, 2011-2023478 at *2.

During the hearing, the mother objected to the appointment of the father's counsel to represent Angela's interests in a separately pending medical malpractice proceeding. That particular issue does not appear in any pleading and was raised for the first time at the end of the interdiction hearing. The record actually lacks evidence of anything concerning the pending medical malpractice action. The trial court appointed counsel over the mother's objection. By doing so, the trial court's judgment impermissibly went beyond the pleadings and was without proper notice to the mother. A judgment beyond the pleadings is a nullity. **Domingue v. Bodin**, 2008-62 (La. App. 3d Cir. 11/5/08), 996 So.2d 654, 657.

## CONCLUSION

For the outlined reasons, we find that the trial court exceeded its authority by considering issues beyond the pleadings. We also find that the trial court violated

5

Marian M. Wethey's right to due process of law by not giving her reasonable notice of the intervenor's request to have his counsel appointed to represent the interests of Angela Ann Amoroso in a separately pending medical malpractice action. Accordingly, we vacate that portion of the trial court's April 30, 2019 judgment that appoints counsel to represent Angela Ann Amoroso's medical malpractice claim.[1] Additionally, we conclude that the remainder of the appeal of the trial court's April 30, 2019 judgment of full interdiction is moot due to the death of the interdict. All costs of this appeal are assessed to intervenor, Ronald W. Amoroso, Sr.

**APPOINTMENT OF COUNSEL CONTAINED IN APRIL 30, 2019 JUDGMENT VACATED; REMAINDER OF APPEAL DISMISSED AS MOOT.**

---

[1] Moreover, we note that when a decedent leaves no surviving spouse or child, the decedent's surviving father and mother are the proper persons to bring any wrongful death and survival action. Those actions must be brought within one year of the decedent's death. See La. Civ. Code arts. 2315.1 and 2315.2. Each parent may seek the assistance of whatever legal counsel desired if they choose to bring any such action.